IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| ALIEDA MARON, individually and on behalf of all others similarly situated,<br><br>      *Plaintiff*,<br><br>v.<br><br>JIMMY T. PATRONIS, JR., in his official capacity as the Chief Financial Officer of the State of Florida,<br><br>      *Defendant*. | No. 4:22-CV-00255-RH-MAF |

**PLAINTIFF'S *UNOPPOSED* MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD PARTY-PLAINTIFF**

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff, Alieda Maron ("Mrs. Maron") respectfully moves the Court on an *unopposed* basis for leave to amend her Class Action Complaint against Defendant Jimmy T. Patronis, Jr., in his official capacity as the Chief Financial Officer of the State of Florida ("Defendant"), to permit the addition of her husband, Lawrence Maron ("Mr. Maron"), as a party-plaintiff. The grounds upon which Mrs. Maron bases this *unopposed* motion are set out more fully below.

1

Mrs. Maron believes she and Mr. Maron own the unclaimed property in issue as tenants by the entirety under Florida law, making it appropriate for her to being suit as the only plaintiff and proposed class representative. However, interrogatories recently served by Defendant asking about Mr. Maron's ownership interest in the unclaimed property lead Mrs. Maron to believe that Defendant contemplates either filing a motion pursuant to Fed. R. Civ. P. 19(a) asking the Court to declare Mr. Maron a person who must be joined as a party or arguing in opposition to class certification that Mrs. Maron does not have standing to bring her individual claim by herself.

To avoid the necessity for briefing such issues, Mrs. Maron proposes amending the Complaint to add Mr. Maron as a party-plaintiff and additional class representative. Mrs. Maron files this motion seeking to add a new plaintiff in this action very soon after learning of the possible necessity for doing so such that there was no undue delay, bad faith, or dilatory motive in her part. Equally important, the Court allowing such amendment will not prejudice Defendant in any way and Defendant does not oppose the relief

2

sought in this motion. Mrs. Maron's proposed First Amended Class Action Complaint is attached as Exhibit A.

Furthermore, in conferencing with Defendant about this motion, Mrs. Maron has agreed to treat the Interrogatories and Requests for Production served on her as equally applicable to Mr. Maron and for him to respond to them and produce responsive documents at the same time as she does on the discovery deadline of March 23, 2023. Additionally, the parties have further agreed that the existing MTD briefing will apply fully to the First Amended Complaint and Mr. Maron.

Consequently, adding Mr. Maron as a plaintiff will not delay the case in any way. Should the Court not grant the Motion to Vacate Deadlines[1], the addition of Mr. Maron will not necessitate a delay in the trial setting.

**WHEREFORE**, Mrs. Maron respectfully requests that the Court grant this *unopposed* motion and enter an Order granting:

---

[1] Mrs. Maron still requests the Court to grant the Joint Motion to Vacate Deadlines. The parties will certainly need to brief class certification and very likely cross-motions for summary judgment. It would be greatly preferable before doing so to have the Court rule on the MTD to make sure such briefing is not unnecessary and to have the benefit of the Court's rulings on the legal issues underlying the case.

3

(1) her leave to file her proposed First Amended Class Action Complaint adding her husband Lawrence Maron as an additional named Plaintiff and proposed class representative; (2) providing that the Interrogatories and Requests for Production served on Mrs. Maron shall be considered equally applicable to Mr. Maron such that he must respond to them and produce responsive documents at the same time as Mrs. Maron does so; (3) providing that the existing Motion to Dismiss briefing (ECF Nos. 9, 10, and 11) will apply fully to the First Amended Complaint and Mr. Maron; and (4) granting any and such further relief as the Court deems appropriate.

**CONFERRAL CERTIFICATION PURSUANT TO L.R. 7.1(B)**

Mrs. Maron's counsel consulted with counsel for Defendant, William D. Hall regarding this motion and Mr. Hall informed counsel that Defendant does not oppose the relief requested in this Motion.

March 14, 2023.                    Respectfully submitted,

/s/*Kyle W. Woodford*
**JEEVES LAW GROUP, P.A.**
Kyle W. Woodford, FBN: 1033490
Scott R. Jeeves, FBN: 0905630
2132 Central Avenue
St. Petersburg, Florida 33712
Telephone: (727) 894-2929
sjeeves@jeeveslawgroup.com
kwoodford@jeeveslawgroup.com
khill@jeeveslawgroup.com

**JEEVES MANDEL LAW GROUP, P.C.**
Roger L. Mandel
(admitted *pro hac vice*)
2833 Crockett St
Suite 135
Fort Worth, TX 76107
Telephone: 214-253-8300
rmandel@jeevesmandellawgroup.com

**CRAIG E. ROTHBURD, P.A.**
Craig E. Rothburd, FBN: 0049182
320 W. Kennedy Blvd., #700
Tampa, Florida 33606
Telephone: (813) 251-8800
Fax: (813) 251-5042
craig@rothburdpa.com
maria@rothburdpa.com

*Attorneys for Plaintiff and the Class*

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

I HEREBY CERTIFY that this memorandum complies with Local Rule 7.1(F) because it contains 567 words, as calculated using Microsoft Word and excluding the case style, signature block and certificate of service.

>                /s/Kyle W. Woodford
>                Kyle W. Woodford

## **CERTIFICATE OF SERVICE**

This document was filed on March 14, 2023, on the Court's ECF System, through which it will be served on the following counsel of record:

Daniel R. Russell, FBN 63445
William D. Hall, III, FBN 67936
Daniel J. McGinn, FBN 121596
Jordane P. Wong, FBN 1030907
drussell@deanmead.com
whall@deanmead.com
dmcginn@deanmead.com
jwong@deanmead.com
Dean, Mead & Dunbar
106 East College Avenue, Suite 1200
Tallahassee, FL 32301
T: 850-999-4100
F: 850-577-0095

*Attorneys for Defendant Jimmy T. Patronis Jr., Chief Financial Officer of the State of Florida*

                                            */s/Kyle W. Woodford*
                                            Kyle W. Woodford, Esquire