# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ALIEDA MARON,** individually and
On behalf of all others similarly
situated,

        Plaintiff,        **CASE NO:** 4:22-CV-00255-RH-MAF

v.

**JIMMY T. PATRONIS, JR.**, in his official
capacity as the Chief Financial Officer
of the State of Florida,

        Defendant.
_____/

## DEFENDANT'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Northern District of Florida Local Rule 7.1(J), Defendant hereby submits the following in response to Plaintiff's Notice of Supplemental Authority ("Notice," ECF No. 22), relating to the issuance of the United States Supreme Court's decision in *Tyler v. Hennepin County, Minn.*, 2023 WL 3632754 (U.S. May 25, 2023).

In *Tyler*, the Petitioner challenged a Minnesota forfeiture statute allowing the County to sell her home and keep the proceeds in excess of her tax debt. The County argued that the failure to pay taxes amounted to the constructive abandonment of that property. *Id.* at *8. The Court found this argument inapplicable because the law

was not concerned about a taxpayer's use or abandonment of the property, only their failure to pay taxes, stating that there was no precedent "suggesting that failing to pay property taxes is itself sufficient for abandonment." *Id.*

The challenged law in the present matter necessarily relates to an owner's use or abandonment of property and there is no dispute that Plaintiff's property is currently in Defendant's possession because it went unclaimed for several years, therefore making *Texaco, Inc. v. Short*, 454 U.S. 516 (1982) applicable. *See* § 717.102, Fla. Stat.; *see also* ECF No. 18-1, ¶ 2. Defendant relies on *Texaco* to highlight the recognized distinction between a state's seizure of private property versus custody of personal property due to the owner's abandonment or neglect. The Defendant has not "taken" anything from the Plaintiff. *See* ECF No. 9, p. 17-23. If the Plaintiff files a claim and demonstrates entitlement, the subject unclaimed property will be returned to her in the same condition and with the same monetary value as when the state took custody of it from Allstate. *Id.*

Accordingly, Plaintiff's comparison of the facts and law in *Tyler* to those at hand, makes it even more apparent that *Texaco* is applicable to the analysis of this case and that Plaintiff has failed to state a claim upon which relief may be granted.

Respectfully submitted,

*/s/ William D. Hall*
WILLIAM DEAN HALL, III (FBN 67936)
**DEAN MEAD & DUNBAR**
106 E. College Ave., Suite 1200
Tallahassee, Florida   32301
Telephone:  850.999.4100
Facsimile:   850.577.0095
E-Mail:           whall@deanmead.com
                       kthompson@deanmead.com
*Attorney for Defendant*

## CERTIFICATE OF WORD COUNT

I HEREBY CERTIFY that this memorandum complies with Local Rule 7.1(F) because it contains 328 words, as calculated using Microsoft Word and excluding the case style, signature block and certificate of service.

/s/ *William D. Hall* _____
William D. Hall

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5, 2023, a true and correct copy to be served via e-mail to the following:

Scott R. Jeeves, FBN: 0905630
Kyle W. Woodford, FBN: 1033490
Jeeves Law Group, P.A.
2132 Central Avenue
St. Petersburg, Florida 33712
Telephone: (727) 894-2929
sjeeves@jeeveslawgroup.com
kwoodford@jeeveslawgroup.com
khill@jeeveslawgroup.com

CRAIG E. ROTHBURD, P.A.
Craig Rothburd, FBN: 0049182
320 W. Kennedy Blvd., #700
Tampa, Florida 33606
Telephone: (813) 251-8800
Fax:(813) 251-5042
craig@rothburdpa.com
maria@rothburdpa.com

Roger L. Mandel (*pro hac vice*)
Jeeves Mandel Law Group, P.C.
2833 Crockett St., Suite 135
Fort Worth, TX 76107
Telephone: (214) 253-8300
rmandel@jeevesmandellawgroup.com

/s/*William D. Hall*_____
Williams Dean Hall, III