**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

| | |
|---|---|
| ALIEDA MARON, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> JIMMY T. PATRONIS, JR., in his official capacity as the Chief Financial Officer of the State of Florida, <br><br> *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) )   No. 4:22-CV-00255-RH-MAF |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY-*ALBERT v. FRANCHOT***

Plaintiff submits *Albert v. Franchot*, 2023 WL 4058986 (D. Md. June 16, 2023), Exhibit 1. In *Franchot*, the plaintiffs asserted claims identical to this case-that a state's (Maryland's) unclaimed property statute that forbade the payment of just compensation for the state's use of unclaimed property constituted a taking under the Fifth Amendment. *Id.* at *1-3. And the plaintiffs sought identical relief: a declaration and injunction requiring the state to pay just compensation on future claims. *Id.* at *3. The court addressed all but one

1

of the bases for dismissal argued by Defendant here and rejected them all. *Id.*
at *4-12.

Initially, the court held applicable the *Ex parte Young* exception to the
Eleventh Amendment, rejecting the contrary argument made by Defendant
here in his motion to dismiss ("MTD") (Doc. 9) at 27-31. *Id.* at *4-5. The court
specifically held that the fact "[t]hat Defendant may have to spend state funds
to effect compliance with federal law does not remove Plaintiffs' claims from
the *Ex parte Young* exception." *Id.* at *5.

Next, the court held that the plaintiffs had sufficiently pleaded the
three elements of Article III standing, rejecting Defendant's contrary
arguments here in the MTD at 9-12. Id. at *5-10. Specifically, it rejected the
arguments (MTD at 9-10, 11-12) that the plaintiffs had suffered no injury-in-
fact because they had never attempted to claim their property and that
redressability was not satisfied because they allegedly suffered no injury-in
fact. *Id.* at *5-8, 9.

Finally, the court held that the plaintiffs had sufficiently pleaded their
takings claim by alleging: (1) an interest in unclaimed property held by
Maryland pursuant to its unclaimed property statute, (2) the statute requires
public benefit use of that unclaimed property, and (3) the statute disallows
payment of interest (just compensation) for that public benefit use. *Id.* at * 12.
Maron pleads the same here. Complaint (Doc. 1) at 1-13. Defendant here

incorrectly argues that such allegations do not sufficiently plead a takings claim. MTD at 16-27.

Thus, *Franchot* strongly supports this Court denying the MTD.

June 23, 2023.                    Respectfully submitted,


*/s/ Roger L. Mandel*
Roger L. Mandel
(admitted pro hac vice)
**JEEVES MANDEL LAW GROUP, P.C.**
2833 Crockett St
Suite 135
Fort Worth, TX 76107
Telephone: 214-253-8300
rmandel@jeevesmandellawgroup.com


Scott R. Jeeves, FBN: 0905630
**JEEVES LAW GROUP, P.A.**
2132 Central Avenue
St. Petersburg, Florida 33712
Telephone: (727) 894-2929
sjeeves@jeeveslawgroup.com
khill@jeeveslawgroup.com


Craig E. Rothburd, FBN: 0049182
**CRAIG E. ROTHBURD, P.A**.
320 W. Kennedy Blvd., #700
Tampa, Florida 33606
Telephone: (813) 251-8800
Fax: (813) 251-5042
craig@rothburdpa.com
maria@rothburdpa.com

*Attorneys for Plaintiff and the Class*

**CERTIFICATE OF COMPLIANCE WITH WORD LIMIT**

I HEREBY CERTIFY that this memorandum contains 345 words, as calculated using Microsoft Word and excluding the case style, signature blocks, and certificate of service.

/s/ *Roger L. Mandel*
Roger L. Mandel

**CERTIFICATE OF SERVICE**

This document was filed on June 23, 2023, on the Court's ECF System, through which it will be served on all counsel of record.

/s/ *Roger L. Mandel*
Roger L. Mandel