UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ALIEDA MARON,** individually and
On behalf of all others similarly
situated,

       Plaintiff,                      **CASE NO:** 4:22-CV-00255-RH-MAF

v.

**JIMMY T. PATRONIS, JR.**, in his official
capacity as the Chief Financial Officer
of the State of Florida,

       Defendant.
_____/

## **DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Northern District of Florida Local Rule 7.1(J), Defendant hereby submits this Notice of Supplemental Authority relating to *Ambriz v. Hegar*, Case No. A-22-CV-1067-DII, 2023 WL 4850909 (W.D. Texas), *report and recommendation adopted*, 2023 WL 4853403 (W.D. Tex. July 28, 2023). Copies of the Report and Recommendation and the Order adopting the Report and Recommendation are attached hereto as Exhibits 1 and 2, respectively.

In *Ambriz*, a Texas District Court dismissed a cause of action that is virtually identical to the claims asserted in the instant matter. *See Ex. 1*, p. 1–2; *Ex. 2*. Specifically, Mr. Ambriz brought a suit against the Comptroller of the State of Texas

1

asserting that the state's failure to pay interest on unclaimed property was an unconstitutional taking under the Fifth Amendment to the United States Constitution. *See Ex. 1*, p. 2. While the Court found that the federal claims were not barred by the Eleventh Amendment and that Ambriz had standing to bring the claims, it ultimately concluded that the complaint "failed to state a claim for which relief can be granted" because the Constitution does not require the payment of interest to owners of unclaimed property. *Id.*, p. 12-14. In coming to this conclusion, the Court relied on *Texaco v. Short*, 454 U.S. 516 (1982); *In re Lease Oil Antitrust Litigation,* 570 F.3d 244, 250 (5th Cir. 2009); and *Clark v. Strayhorn,* 184 S.W.3d 906, 909–10 (Tex. App.—Austin 2006, pet. denied). The Court further found that the United States Supreme Court's recent *Tyler* decision did not undermine its holding because *Tyler* involved an "entirely dissimilar" statute. *Id.*, p. 12–14 (citing *Tyler v. Hennepin Cnty., Minnesota*, ___ U.S. ___, 143 S. Ct. 1369 (May 25, 2023)). For these reasons, the Magistrate recommended and the Court adopted an order dismissing the complaint with prejudice.

Defendant respectfully submits that the Court's decision in *Ambriz* further supports his motion to dismiss in the instant matter. *See* ECF No. 9, p. 18-20, 22.

Respectfully submitted this 8th day of August, 2023.

        */s/ William D. Hall*
        WILLIAM DEAN HALL, III (FBN 67936)
        **DEAN MEAD & DUNBAR**
        106 E. College Ave., Suite 1200
        Tallahassee, Florida   32301
        Telephone:   850.999.4100
        Facsimile:   850.577.0095
        E-Mail: whall@deanmead.com
              kthompson@deanmead.com
        *Attorney for Defendant*

## CERTIFICATE OF WORD COUNT

I HEREBY CERTIFY that this memorandum complies with Local Rule 7.1(F) because it contains 330 words, as calculated using Microsoft Word and excluding the case style, signature block and certificate of service.

        */s/ William D. Hall* _____
         William D. Hall

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served through the CM/ECF portal, and or electronic mail, on this 8th day of August, 2023.

        */s/William D. Hall*_____
        Williams Dean Hall, III