# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | | |
|---|---|---|
| ALIEDA MARON, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:22-CV-00255-RH-MAF |
| v. | ) ) | |
| JIMMY T. PATRONIS, JR., in his official capacity as the Chief Financial Officer of the State of Florida, | ) ) ) ) ) ) | |
| Defendant. | | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 25)

The Court should not find persuasive *Ambriz v. Hegar*, Case No. A-22-CV-1067-DII, 2023 WL 4850909 (W.D. Texas) ("R&R"), *report and recommendation adopted*, 2023 WL 4853403 (W.D. Tex. July 28, 2023), because it did not address the merits of whether Ambriz pleaded a valid Fifth Amendment Takings claim. Rather, the Magistrate incorrectly regarded his recommendation as dictated by *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 250-51 (5th Cir. 2009), because it cited *Clark v.*

*Strayhorn*, 184 S.W.3d 906, 909–10 (Tex. App.—Austin 2006, pet. denied), a favorable case for Hegar. R&R at 12-13.

In *Lease Oil*, the Fifth Circuit addressed whether Texas had an interest in unclaimed class action settlement funds under the Texas Unclaimed Property Law that could give it an interest in those funds sufficient to justify its intervention in the class action case. *Id.* at 246. In the process of holding that Texas had a sufficient interest to intervene, the Fifth Circuit cited *Clark* for the proposition that "[t]he state is not required to pay interest earned from the property to the original owners." *Id.* at 250.

In context, the Fifth Circuit clearly cited *Clark* only for the correct proposition that Texas statutory law does not require payment of interest to the owners of the unclaimed property and *not* for the proposition that Texas' public use of the unclaimed property cannot constitute a taking. Indeed, the Fifth Circuit shortly thereafter wrote, "Texas does have its own interest in the litigation, however. Texas law assigns the interest accrued from unclaimed property to the state …." *Id.* at 251. It made no mention of the constitutionality of Texas' action.

The Magistrate never considered Ambriz's arguments as to why *Clark* had misinterpreted *Texaco Inc. v. Short*, 454 U.S. 516 (1982). *Texaco* involved a true escheat statute and does not support that a statute that never transfers ownership of unclaimed property from its owner to the State before making public use of it does not affect a Taking. When this Court considers the merits, it should find that Maron has pleaded a valid Takings claim.

August 14, 2023.    Respectfully submitted,

/s/Roger L. Mandel
Roger L. Mandel
(admitted pro hac vice)
JEEVES MANDEL LAW GROUP, P.C.
2833 Crockett St
Suite 135
Fort Worth, TX 76107
Telephone: 214-253-8300
rmandel@jeevesmandellawgroup.com

Scott R. Jeeves, FBN: 0905630
JEEVES LAW GROUP, P.A.
2132 Central Avenue
St. Petersburg, Florida 33712
Telephone: (727) 894-2929
sjeeves@jeeveslawgroup.com
khill@jeeveslawgroup.com

      Craig E. Rothburd, FBN: 0049182
      CRAIG E. ROTHBURD, P.A.
      320 W. Kennedy Blvd., #700
      Tampa, Florida 33606
      Telephone: (813) 251-8800
      Fax: (813) 251-5042
      craig@rothburdpa.com
      maria@rothburdpa.com

      Attorneys for Plaintiff and the Class

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

I HEREBY CERTIFY that this memorandum contains 346 words, as calculated using Microsoft Word and excluding the case style, signature blocks, and certificate of service.

      /s/Roger L. Mandel
      Roger L. Mandel

## CERTIFICATE OF SERVICE

This document was filed on August 14, 2023, on the Court's ECF System, through which it will be served on all counsel of record.

      /s/Roger L. Mandel
      Roger L. Mandel