# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

ALIEDA MARON

       VS                        USDC NO. 4:22-cv-00255-RH-MAF
                                     USCA NO. _____

JIMMY T PATRONIS, JR

## TRANSMITTAL OF NOTICE OF APPEAL

       The following documents are hereby transmitted to the Clerk, U. S. Court of Appeals. The Certified copy of the appeal notice, docket entries, judgment/opinion/order appealed from are enclosed.

First Appeal Notice.
There was no hearing from which a transcript could be made.
The appellate docket fee paid.  Date paid: 9/27/2023
Judge/Magistrate Judge appealed from: Robert L. Hinkle
Other:

Please acknowledge receipt on the enclosed copy of this transmittal to: TALLAHASSEE DIVISION

                                  JESSICA J. LYUBLANOVITS,
                                  CLERK OF COURT

                                  By: Bryston Ford
                                  Deputy Clerk
                                  111 North Adams Street
September 28, 2023                     Tallahassee, Florida 32301

CLOSED,APPEAL

# U.S. District Court
## Northern District of Florida (Tallahassee)
## CIVIL DOCKET FOR CASE #: 4:22-cv-00255-RH-MAF

| | |
|---|---|
| MARON v. PATRONIS | Date Filed: 07/15/2022 |
| Assigned to: JUDGE ROBERT L HINKLE | Date Terminated: 09/05/2023 |
| Referred to: MAGISTRATE JUDGE MARTIN A FITZPATRICK | Jury Demand: Plaintiff |
| | Nature of Suit: 950 Constitutional - State Statute |
| Cause: 28:1331 Fed. Question | Jurisdiction: Federal Question |

**Plaintiff**

**ALIEDA MARON**                 represented by    **CRAIG E ROTHBURD**
CRAIG E ROTHBURD PA - TAMPA FL
320 W KENNEDY BLVD
STE 700
TAMPA, FL 33606
813-251-8800
Fax: 813-251-5042
Email: craig@rothburdpa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KYLE WILLIAM WOODFORD**
WOOD SMITH HENNING & BERMAN
LLP - TAMPA FL
1501 S CHURCH AVENUE
SUITE 200
TAMPA, FL 33629
813-455-8313
Email: kwoodford@wshblaw.com
*TERMINATED: 05/31/2023*
*LEAD ATTORNEY*

**ROGER L MANDEL**
JEEVES LAW GROUP PC - FORT
WORTH TX
2833 CROCKETT STREET
SUITE 135
FORT WORTH, TX 76107
214-253-8300
Email:
rmandel@jeevesmandellawgroup.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**SCOTT ROGER JEEVES**
JEEVES LAW GROUP PA - ST
PETERSBURG FL
2132 CENTRAL AVENUE
SAINT PETERSBERG, FL 33712
727-894-2929
Email: sjeeves@jeeveslawgroup.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JIMMY T PATRONIS, JR**
*IN HIS OFFICIAL CAPACITY AS THE*
*CHIEF FINANCIAL OFFICER OF THE*
*STATE OF FLORIDA*

represented by **DANIEL RYAN RUSSELL**
DEAN MEAD - TALLAHASSEE FL
106 EAST COLLEGE AVENUE
SUITE 1200
TALLAHASSEE, FL 32301
561-859-7444
Email: drussell@deanmead.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JORDANE PHILLIP WONG**
DEAN MEAD - TALLAHASSEE FL
106 EAST COLLEGE AVENUE
SUITE 1200
TALLAHASSEE, FL 32301
850-425-7800
Email: jwong@deanmead.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**WILLIAM DEAN HALL , III**
DEAN MEAD - TALLAHASSEE FL
106 EAST COLLEGE AVENUE
SUITE 1200
TALLAHASSEE, FL 32301
850-425-7831
Email: whall@deanmead.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL JOHNATHON MCGINN**
DEAN MEAD - TALLAHASSEE FL
106 EAST COLLEGE AVENUE
SUITE 1200
TALLAHASSEE, FL 32301
850-425-5519

Email: dmcginn@deanmead.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/15/2022 | 1 | COMPLAINT against Alieda Maron ( Filing fee $ 402 receipt number AFLNDC-7302547.), filed by Alieda Maron. (Attachments: # 1 Civil Cover Sheet Civil Coversheet, # 2 Exhibit Summons) (JEEVES, SCOTT) (Entered: 07/15/2022) |
| 07/18/2022 | 2 | DOCKET ANNOTATION BY COURT: Re 1 Complaint filed by ALIEDA MARON - Counsel is advised by this entry, for future case openings: Please review the procedure for adding/creating new parties in the "Style Guide for Electronic Case Filing" and/or Chapter 10 of the "CM/ECF Attorney User's Guide", (both available on the clerk's website) specifically in regards to the use of UPPERCASE in the parties names and style of the case. The party names will be corrected by the clerk. Counsel is also advised by this entry, that a Civil Cover Sheet should be filed as a separate entry using the event selection "Civil Cover Sheet" which is found under "Other Filings" under "Other Documents". PLEASE RE-FILE THE CIVIL COVER SHEET. (tpm) (Entered: 07/18/2022) |
| 07/19/2022 | 3 | CIVIL COVER SHEET. (JEEVES, SCOTT) (Entered: 07/19/2022) |
| 07/29/2022 | 4 | Summons Issued as to JIMMY T PATRONIS, JR. (tpm) (Entered: 07/29/2022) |
| 08/18/2022 | 5 | NOTICE of Appearance by DANIEL JOHNATHON MCGINN on behalf of JIMMY T PATRONIS, JR (MCGINN, DANIEL) (Entered: 08/18/2022) |
| 08/18/2022 | 6 | MOTION for Extension of Time to File Answer re 1 Complaint by JIMMY T PATRONIS, JR. (MCGINN, DANIEL) (Entered: 08/18/2022) |
| 08/23/2022 | 7 | ORDER EXTENDING THE DEADLINE TO RESPOND TO THE COMPLAINT - The defendant's unopposed motion, ECF No. 6 , to extend the deadline to respond to the complaint is granted. The deadline is extended to 9/15/2022. Signed by JUDGE ROBERT L HINKLE on 8/23/22. (sjb) (Entered: 08/23/2022) |
| 09/09/2022 | 8 | INITIAL SCHEDULING ORDER: Attorney Conference to take place by 9/22/2022. Rule 26 Meeting Report due by 10/6/2022. Discovery due by 3/23/2023. Jury Trial set for 7/3/2023 08:15 AM in U.S. Courthouse Tallahassee before JUDGE ROBERT L HINKLE. Signed by JUDGE ROBERT L HINKLE on 09/02/2022. (tpm) (Entered: 09/09/2022) |
| 09/15/2022 | 9 | Memorandum in Support of 10 Motion to Dismiss Complaint filed by JIMMY T PATRONIS, JR. (Attachments: # 1 Exhibit) (HALL, WILLIAM) Modified on 8/24/2023 to reflect document title (ckm). (Entered: 09/15/2022) |
| 09/15/2022 | 10 | MOTION to Dismiss by JIMMY T PATRONIS, JR. (Internal deadline for referral to judge if response not filed earlier: 9/29/2022). (HALL, WILLIAM) (Entered: 09/15/2022) |
| 09/29/2022 | 11 | RESPONSE in Opposition re 10 MOTION to Dismiss filed by ALIEDA MARON. (WOODFORD, KYLE) (Entered: 09/29/2022) |
| 09/30/2022 | 12 | AMENDED RESPONSE in Opposition re 10 MOTION to Dismiss *Amended Response* filed by ALIEDA MARON. (WOODFORD, KYLE) Modified on 10/3/2022 edit to title (sjb). (Entered: 09/30/2022) |

| | | |
|---|---|---|
| 10/06/2022 | 13 | REPORT of Rule 26(f) Planning Meeting. (HALL, WILLIAM) (Entered: 10/06/2022) |
| 10/12/2022 | 14 | ORDER ON THE 26(f) REPORT: The parties must file a further 26(f) report within 14 days after entry of any order denying the pending motion to dismiss in whole or in part. Signed by JUDGE ROBERT L HINKLE on 10/12/2022. (tpm) (Entered: 10/13/2022) |
| 11/06/2022 | 15 | MOTION to Appear Pro Hac Vice by Roger L. Mandel.( Filing fee $ 208 receipt number AFLNDC-7549083.) by ALIEDA MARON. (Attachments: # 1 Exhibit Certificate of Good Standing) (MANDEL, ROGER) (Entered: 11/06/2022) |
| 11/07/2022 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 15 MOTION to Appear Pro Hac Vice by Roger L. Mandel.( Filing fee $ 208 receipt number AFLNDC-7549083.). Referred to MARTIN A FITZPATRICK. (tpm) (Entered: 11/07/2022) |
| 11/17/2022 | 16 | ORDER: It is ORDERED that the motion for leave to appear pro hac vice, ECF No. 15 , is GRANTED. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 11/17/2022. (tpm) (Entered: 11/17/2022) |
| 02/22/2023 | 17 | JOINT MOTION TO STAY DISCOVERY AND VACATE DISCOVERY DEADLINE AND TRIAL SETTING. (HALL, WILLIAM) Modified to edit title on 2/23/2023 (rcb). (Entered: 02/22/2023) |
| 03/14/2023 | 18 | Consent MOTION for Leave to File *First Amended Complaint to Add Party-Plaintiff* by ALIEDA MARON. (Attachments: # 1 Exhibit) (WOODFORD, KYLE) (Entered: 03/14/2023) |
| 03/14/2023 | 19 | ORDER STAYING DISCOVERY. Discovery is stayed until a ruling is entered or until otherwise ordered. The discovery deadline and trial date will be reconsidered upon entry of an order on the motion to dismiss. Signed by JUDGE ROBERT L HINKLE on 3/14/2023. (rcb) (Entered: 03/14/2023) |
| 05/30/2023 | 20 | UNOPPOSED MOTION FOR LEAVE FOR KYLE W. WOODFORD TO WITHDRAW AS COUNSEL. (Attachments: # 1 Text of Proposed Order Proposed Order) (WOODFORD, KYLE) Modified to edit title on 5/31/2023 (rcb). (Entered: 05/30/2023) |
| 05/31/2023 | 21 | ORDER GRANTING 20 LEAVE TO WITHDRAW--WOODFORD. Attorney Kyle W. Woodfords motion of for leave to withdraw, ECF No. 20 , is granted, effective immediately. Attorney KYLE WILLIAM WOODFORD terminated. Signed by JUDGE ROBERT L HINKLE on 05/31/2023. (rcb) (Entered: 05/31/2023) |
| 05/31/2023 | 22 | NOTICE *Plaintiff's Notice of Supplemental Authority-Tyler v. Hennepin County* by ALIEDA MARON (Attachments: # 1 Exhibit Tyler v. Hennepin County) (JEEVES, SCOTT) (Entered: 05/31/2023) |
| 06/05/2023 | 23 | NOTICE *Response to Supplemental Authority* by JIMMY T PATRONIS, JR (HALL, WILLIAM) (Entered: 06/05/2023) |
| 06/23/2023 | 24 | NOTICE *of Filing Supplemental Authority* by ALIEDA MARON (Attachments: # 1 Exhibit Exhibit A Albert v. Franchot) (MANDEL, ROGER) (Entered: 06/23/2023) |
| 08/08/2023 | 25 | NOTICE *of Supplemental Authority* by JIMMY T PATRONIS, JR (Attachments: # 1 Exhibit, # 2 Exhibit) (HALL, WILLIAM) (Entered: 08/08/2023) |

| 08/14/2023 | 26 | PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 25 ). (MANDEL, ROGER) Modified to edit title on 8/15/2023 (rcb). (Entered: 08/14/2023) |
|---|---|---|
| 09/05/2023 | 27 | ORDER OF DISMISSAL. The motion, ECF No. 18 , for leave to amend the complaint is granted. The amended complaint, ECF No. 18 -1, is deemed properly filed, nunc pro tunc. The motion to dismiss, ECF No. 10 , is granted. Count one of the amended complaint is dismissed with prejudice for failure to state a claim on which relief can be granted. Count two is dismissed without prejudice based on Eleventh Amendment immunity. The clerk must enter judgment and close the file. Signed by JUDGE ROBERT L HINKLE on 9/5/2023. (rcb) (Entered: 09/05/2023) |
| 09/05/2023 | 28 | CLERK'S JUDGMENT re 27 ORDER OF DISMISSAL. 90 Day Exhibit Return Deadline set for 12/4/2023. (rcb) (Entered: 09/05/2023) |
| 09/27/2023 | 29 | NOTICE OF APPEAL as to 28 Clerk's Judgment, 27 Order Dismissing Case,, by ALIEDA MARON. ( Filing fee $505 Receipt Number AFLNDC-8223026.) Notify Chambers on 10/5/2023. (MANDEL, ROGER) (Entered: 09/27/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/28/2023 09:00:09 | | |
| **PACER Login:** | BrystonFord | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:22-cv-00255-RH-MAF |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

|  |  |  |
|---|---|---|
| ALIEDA MARON and LAWRENCE MARON, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 4:22-CV-00255-RH-MAF |
| v. | ) ) ) | |
| JIMMY T. PATRONIS, JR., in his official capacity as the Chief Financial Officer of the State of Florida, | ) ) ) ) | |
| *Defendant.* | ) | |

## PLAINTIFFS' NOTICE OF APPEAL

Notice is hereby given that Plaintiffs Alieda Maron and Lawrence Maron, individually and on behalf of all others similarly situated, hereby appeal to the United States Court of Appeals for the Eleventh Circuit from: (1) the portion of the Judgment entered September 5, 2023 (ECF. #28) dismissing with prejudice Count One of the First Amended Class Action Complaint and Demand for Jury Trial (ECF #18-1), and (2) those portions of the Order of Dismissal entered September 5, 2023 (ECF. #27) dismissing with prejudice Count One of the First Amended Class Action Complaint and Demand for Jury Trial (ECF #18-1). This appeal is limited to the listed items.

DATED: September 27, 2023.

Respectfully,

*/s/Roger L. Mandel*\*
JEEVES MANDEL LAW GROUP, P.C.
Roger L. Mandel, Esq.
2833 Crockett St
Suite 135
Fort Worth, TX 76107
Telephone: 214-253-8300
rmandel@jeevesmandellawgroup.com

Scott R. Jeeves
JEEVES LAW GROUP, PA.
2132 Central Avenue
St. Petersburg, Florida 33712
Telephone: (727) 894-2929
sjeeves@jeeveslawgroup.com
khill@jeeveslawgroup.com

Craig E. Rothburd
CRAIG E. ROTHBURD, P.A
320 W. Kennedy Blvd. #700
Tampa, Florida 33606
Telephone: (813) 251-8800
Fax: (813) 251-5042
craig@rothburdpa.com
maria@rothburdpa.com

Kelly A. Green\*
Julie M. O'Dell\*
SMITH, KATZENSTEIN & JENKINS, LLP
1000 N. West Street, Suite 1501
Wilmington, Delaware 19801
(302) 652-8400
mcw@skjlaw.com
jmo@skjlaw.com

2

Arthur Susman*
THE LAW OFFICE OF ARTHUR SUSMAN
1540 N. Lake Shore Drive
Chicago, Illinois 60610
(847) 800-2351
 *Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Class*

CERTIFICATE OF SERVICE

I certify that that on September 27, 2023, this document was filed electronically via

the Court's CM/ECF system, causing electronic service upon all counsel of record.

/s/*Roger L. Mandel*
Roger L. Mandel

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ALIEDA MARON, and
LAWRENCE MARON,

      Plaintiffs,

v.                         CASE NO.  4:22cv255-RH-MAF

JIMMY T. PATRONIS, JR.,

      Defendant.

_____/

## ORDER OF DISMISSAL

      Like most states, the State of Florida takes custody of property that is unclaimed for a sufficient period. Much of the unclaimed property is money, and the State sells or otherwise converts the rest to money. The State retains some of the money, sometimes accruing interest, but uses the remainder, mostly for expenses incurred to operate the public schools.

      Florida sets no deadline for an owner to reclaim property. But the owner can recover only principal—not interest or other compensation for the State's retention or use of the property prior to its return. This case presents a constitutional challenge to the State's failure to pay interest or other compensation.

## I. Background: The Florida Disposition of Unclaimed Property Act

The Florida Disposition of Unclaimed Property Act ("the Act") is codified in Florida Statutes chapter 717. The Department of Financial Services administers the Act. *See* Fla. Stat. §§ 717.101(7), 717.123, 717.124. The Act defines a "holder" as a person or entity—for example, a bank—in possession of property belonging to another. *Id*. § 717.101(12). An "owner" is a person having a legal or equitable interest in property. *Id.* § 717.101(18). The Act provides that when intangible property is held in the ordinary course of a holder's business and the owner fails to claim it for more than five years, the property is presumed to be unclaimed, except as otherwise provided in the Act. Fla. Stat. § 717.102(1).

The Act addresses different types of property individually. *See id.* §§ 717.104 (traveler's checks), 717.1045 (gift certificates), 717.105 (checks, drafts, or other instruments), 717.106 (bank deposits), 717.107 (life insurance policies), 717.107–717.116 (others). The period after which property is presumed unclaimed varies by category of property, *see, e.g.*, *id.* § 717.104 (15 years for traveler's checks), and the Act has other provisions addressing when property is presumed to be unclaimed. *See, e.g.*, *id.* § 717.105(1) (stating that a check that has been outstanding for more than five years is presumed unclaimed unless the owner communicates with the financial institution about the check).

The holder of property that is presumed unclaimed must notify the Department and turn the property over. *See id*. § 717.117 & 717.119(1). The Department then must "make an effort to notify [the owner] in a cost-effective manner." *Id*. § 717.118(1). But the notification requirement does not apply to traveler's checks, money orders, or similar written instruments. *Id*. § 717.118(3).

Upon receipt, "the state assumes custody and responsibility for the safekeeping of the property." *Id*. § 717.1201(1). Property other than money is sold or otherwise converted to money. *See id*. § 717.122. Earnings on property other than money prior to its sale or conversion to money—stock dividends, for example—accrue to the benefit of the owner. *Id*. § 717.121. But on money in the hands of the Department—either as originally received or upon sale or conversion of other property—no interest or other income accrues to the benefit of the owner.

The Department deposits all funds it receives into the Unclaimed Property Trust Fund. *Id*. § 717.123. The Department retains in that fund an amount not exceeding $15 million—or, for the 2022–2023 fiscal year only, not exceeding $65 million—for "prompt payment of claims" and for payment of costs the Department incurs to administer the Act. *Id*. § 717.123(1). The Act does not indicate whether the Unclaimed Property Trust Fund bears interest.

The Department transfers the remainder of the funds—the Marons say the amount has exceeded $3 billion—to the interest-bearing State School Fund. *Id*. The

Florida Constitution allows use of that fund only to support and maintain free public schools. Fla. Const. art. IX, § 6.

A person claiming an interest in property delivered to the Department as unclaimed may file with the Department a claim on a prescribed form. Fla. Stat. § 717.124. If the Department approves the claim, the Department pays the claimant the amount of money the Department "actually received" or, for property that was sold or otherwise converted to money, the proceeds of the sale or conversion, together with income for the period *prior to* the sale or conversion. *Id.* § 717.124(4)(a). The Department does not compensate a claimant—through interest or otherwise—for money in the Unclaimed Property Trust Fund used to pay costs incurred to administer the Act, for money in the State School Fund used to support and maintain free public schools, or for money held in those funds, whether or not at interest.

## II. Background: This Lawsuit

The sole named plaintiff in the original complaint was Alieda Maron. But she has filed a consented motion for leave to file an amended complaint joining her husband Lawrence Maron as an additional named plaintiff. This order grants the motion.

The background is this. The Marons learned they were entitled to unclaimed property that had been turned over to the Department—specifically a premium

refund of some kind in the amount of $26.24. The Marons could have asked for and obtained from the Department a prompt payment of that amount, but instead they have left the Department with custody of and responsibility for the property and are pursuing this lawsuit. The Marons' grievance is that under the Act, the Department will pay them only the principal amount of $26.24, without interest or other compensation for the State's retention or use of the money either in the past or as each day passes going forward. They seek to represent a class of the many similarly situated owners of unclaimed property. The amended complaint explicitly demands only declaratory relief—not an injunction or award of damages—but also demands "such other and further relief" to which the Marons and the class may be entitled. Other relief perhaps could include an injunction to the extent otherwise permissible—and if it mattered, the complaint could be amended again to include a demand for such an injunction.

The only defendant is Florida's Chief Financial Officer Jimmy T. Patronis, Jr. in his official capacity.

In count one, the Marons assert a claim under 42 U.S.C. § 1983 and the Takings Clause of the United States Constitution's Fifth Amendment, made applicable to the states by the Fourteenth Amendment. In count two, the Marons again assert a takings claim, this time under Florida Constitution article X, section 6.

The defendant has moved to dismiss. He asserts the Marons lack standing, that their claims are barred by the Eleventh Amendment, that the court has discretion whether to entertain a claim for declaratory relief and should exercise the discretion to dismiss this action, and that the complaint fails to state a claim on which relief can be granted. Although directed to the original complaint, the parties have agreed that the motion should be treated as applicable to the amended complaint, without further briefing.

## III. Standing

To assess standing, one considers a plaintiff's colorable claims without deciding the merits. The Marons have standing because they assert a colorable—though, as it turns out, ultimately unfounded—claim that they have lost and are continuing to lose, every day, compensation they are entitled to under the federal and state constitutions. This is a colorable claim that, at least going forward, the defendant must pay the Marons money, and that they are entitled to declaratory relief to that effect. The loss is small, but a loss of money supports standing; no minimum amount is required. The loss is concrete and particularized, not conjectural or hypothetical; the loss is traceable to the challenged statute, which the defendant administers; and it is likely, indeed almost certain, that the injury would be redressed, at least going forward, by the declaration the Marons seek. This is

enough for standing. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

To be sure, the Marons' claim rests primarily on the assertion that the State has used their money, not just that the State has held their money in a non-interest-bearing account. The Department retains some of the unclaimed funds at issue in the Unclaimed Property Trust Fund, without receiving interest or other earnings on the funds, at least insofar as alleged in the amended complaint. But even if the Marons' claim is only that interest or other compensation is due on money the State uses, not on money the State merely holds, their claim to compensation is not impermissibly speculative. Money is fungible. One cannot know whether the Marons' $26.24 has resided all along among funds sitting idly or has been used. But the Marons have at least a colorable claim that under these circumstances— where the lion's share of the unclaimed funds are used by the State, not simply retained—all owners of a portion of the unclaimed funds are entitled to an appropriate share of the compensation the State owes based on its use of the funds.

The Marons have standing.

## IV. Eleventh Amendment

In *Edelman v. Jordan*, 415 U.S. 651 (1974), the Supreme Court held that the Eleventh Amendment bars a claim for *retrospective* relief under 42 U.S.C. § 1983 that would be payable from the state treasury, with exceptions not applicable here.

This precludes the Marons from obtaining a judgment requiring the defendant to pay backward-looking interest or other compensation, whether as the result of a money judgment, injunction, or declaration standing alone. That the unclaimed funds at issue are held in specific funds—the Unclaimed Property Trust Fund or the State School Fund—does not change this result. By this lawsuit, the Marons seek to recover interest or other compensation, not money held in the two funds, so the interest or other compensation would be payable from the state treasury. *Edelman* applies. The Eleventh Amendment bars any claim for retrospective relief.

The result is different for *prospective* relief. Under *Ex parte Young*, 209 U.S. 123 (1908), a § 1983 claim for prospective relief may go forward against an appropriate state official. The defendant administers the Florida Disposition of Unclaimed Property Act and is the appropriate defendant in an *Ex parte Young* action challenging the Act's constitutionality.

In count one, the Marons assert a § 1983 claim not just for retrospective relief but also for prospective relief—for a declaration that the defendant must pay interest or other compensation for use, and perhaps for retention, of unclaimed funds not only in the past but also *going forward*. The claim for prospective relief is a proper *Ex parte Young* claim squarely within the court's jurisdiction and not barred by the Eleventh Amendment. The Eleventh Amendment does not require dismissal of count one.

The same is not true for the state-law claim in count two. In *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984), the Supreme Court held that the Eleventh Amendment bars any claim based on state law against a state or against a state officer, even one for prospective relief, subject to exceptions not applicable here. The Eleventh Amendment requires dismissal of count two.

## V. Declaratory Relief

The defendant notes that a district court ordinarily has discretion whether to exercise jurisdiction over a claim for declaratory relief. *See, e.g.*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282–88 (1995). That makes little difference here, because if the demand for "other and further relief" could not properly be construed as a demand for injunctive relief, the complaint could easily be amended to include such a demand. Count one includes a claim for prospective relief that is within the court's jurisdiction and not barred by the Eleventh Amendment. And this is precisely the kind of circumstance in which a court should exercise its discretion to entertain a claim for declaratory relief. The dispute over the constitutional validity of the Florida Disposition of Unclaimed Property Act can and should be resolved in this action.

## VI. Merits

As the Marons acknowledge, Florida could have provided for escheat of unclaimed property—for termination of the owner's rights in the property, with

title passing to the State and with the owner having no right to get it back. A statute

so providing would be constitutional. *See, e.g.*, *Texaco, Inc. v. Short*, 454 U.S. 516

(1982) (upholding a state statute terminating mineral rights not used or

affirmatively renewed for 20 years); *Simon v. Weismann*, 301 F. App'x 107, 114

(3d Cir. 2008) (upholding a statute that, like the Florida statute now at issue,

allowed an owner to recover the principal amount of unclaimed property, without

interest or other compensation, and noting the state could have taken ownership of

the property with no right to get it back). The theory is that property that is

unclaimed for a sufficient period is effectively abandoned—and that a state may

assume ownership of abandoned property without effecting a constitutional taking

for which it must pay just compensation.

Instead of so providing, Florida has taken a more generous approach, giving

an owner unlimited time to reassert the owner's rights in the property—unlimited

time to recover the principal value of previously unclaimed property. If, as is

settled, it would have been constitutional for the State to take the property entirely,

without redress, it is difficult to discern why it should be unconstitutional for the

State to give back to the owner the principal only, without interest or other

compensation. *See Simon*, 301 F. App'x at 114. Indeed, Florida's seems a

moderate, workable approach with benefits for both sides: Florida uses for a public

purpose some of the funds it could have taken outright while preserving the owner's ability to get back what the owner essentially abandoned.

The Marons assert, though, that the constitutional issue is controlled by who technically holds title, rather than by substantive considerations. This trivializes the constitutional interest protected by the Takings Clause. And if this was the law, Florida could continue to provide precisely the same substantive treatment of unclaimed funds as it does now—still allowing an owner to recover only principal, not interest or other compensation—simply by rewording the statute. A reworded statute could provide that title passes to the State upon delivery of unclaimed property to the Department of Financial Services and that the (now former) owner could petition for return of the property (or proceeds), with title passing back to the former owner simultaneously with return of the property (or proceeds). On the Marons' title-is-determinative theory, the owner would get no interest or other compensation while the state held title, precisely the same outcome as under current law.

The view that Florida's current approach is constitutional draws support not only from the Supreme Court's decision in *Texaco* and the Third Circuit's well-reasoned decision in *Simon* but also from *Turnacliff v. Westly*, 546 F.3d 1113, 1118–20 (9th Cir. 2008), *Dani v. Miller*, 374 P.3d 779, 793–94 (Okla. 2016), *Hooks v. Kennedy*, 961 So. 2d 425, 432 (La. Ct. App. 2007), and *Clark v.*

*Strayhorn*, 184 S.W.3d 906, 911–15 (Tex. App. Ct. 2006). In addition, a Florida

circuit court has upheld the very Florida statute now at issue against a takings

claim virtually identical to that asserted by the Marons. *See McKenzie v. Fla. Dep't*

*of Fin. Servs.*, No. 04 CA 755 (Fla. Cir. Ct. Apr. 27, 2005) (included in this record

at ECF No. 9-1).

      The Seventh Circuit takes the opposite view, *see Goldberg v. Frerichs*, 912

F.3d 1009 (7th Cir. 2019); *Kolton v. Frerichs*, 869 F.3d 532 (7th Cir. 2017), but

the Third and Ninth Circuit decisions, as well as the various state-court decisions,

are more faithful to *Texaco* and have the better of it.

      The Marons say interest follows principal, and that is ordinarily true. They

say this means an owner of principal is entitled to any interest generated on the

principal—and that a state's appropriation of the interest is an unconstitutional

taking. For this they rely on *Phillips v. Washington Legal Foundation*, 524 U.S.

156 (1998), and *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155

(1980). But those decisions addressed a state's taking of interest on funds that were

not abandoned—attorney trust accounts in *Phillips* and interpleaded funds in

*Webb's*. Those decisions and the concept that interest follows principal say nothing

about whether an owner who abandons property is entitled to interest or other

compensation when the property is turned over to the state—especially when the

property, while in the holder's possession, was sitting idly and generating no

interest or other earnings. The Marons were earning no interest on the premium

refund they effectively abandoned. Insisting that they now be paid interest would

give them an unwarranted windfall.

The Marons also cite *Tyler v. Hennepin County*, 143 S. Ct. 1369 (2023).

There a state seized a condominium for nonpayment of applicable taxes. A sale

netted a surplus above the unpaid amount. The Supreme Court held that the state's

refusal to remit the surplus to the owner violated the Takings Clause. But in

reaching this result, the Court explicitly rejected the assertion that by failing to pay

the tax, the owner abandoned the condominium. Far from supporting the Marons,

*Tyler* approvingly cited *Texaco* and reiterated that a state may treat as abandoned

and thus take without compensation property that an owner has not used or claimed

ownership of for a sufficient period. *Tyler* does not help the Marons.

The bottom line: it is constitutionally sufficient for Florida to return the

principal of the Marons' unclaimed property without interest or other

compensation.

## VII.  Conclusion

The Florida Disposition of Unclaimed Property Act requires the holder of

property that is unclaimed for a specified period—property that appears to be

abandoned—to turn the property over to the State. The Act gives the owner

unlimited time to recover the property or the proceeds of the property's sale or

other conversion to money. But the Act does not require the State to pay interest or other compensation for the period when the property was abandoned. This does not violate the United States Constitution Fifth Amendment Taking Clause. Count one of the amended complaint thus fails to state a claim on which relief can be granted.

The claim under the Florida Constitution in count two is barred by the Eleventh Amendment.

For these reasons,

IT IS ORDERED:

1. The motion, ECF No. 18, for leave to amend the complaint is granted. The amended complaint, ECF No. 18-1, is deemed properly filed, nunc pro tunc.

2. The motion to dismiss, ECF No. 10, is granted.

3. Count one of the amended complaint is dismissed with prejudice for failure to state a claim on which relief can be granted.

4. Count two is dismissed without prejudice based on Eleventh Amendment immunity.

5. The clerk must enter judgment and close the file.

SO ORDERED on September 5, 2023.

s/Robert L. Hinkle
United States District Judge

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ALIEDA MARON,

     Plaintiff,

v.                                 CASE NO. 4:22cv255-RH-MAF

JIMMY T. PATRONIS, JR.,

     Defendant.

_____/

## JUDGMENT

     Count one of the amended complaint is dismissed with prejudice for failure to state a claim on which relief can be granted. Count two is dismissed without prejudice based on Eleventh Amendment immunity.

                              JESSICA J LYUBLANOVITS,
                              CLERK OF COURT


September 5, 2023                 s/ *Ronnie Barker*
DATE                         DEPUTY CLERK