**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

ALIEDA MARON et al.,

Plaintiffs,

v. CASE NO. 4:22cv255-RH-MAF

BLAISE INGOGLIA et al.,

Defendants.

_____________________________/

**ORDER DEEMING THE SECOND AMENDED COMPLAINT
FURTHER AMENDED, DENYING SUMMARY JUDGMENT,
AND SETTING PRETRIAL PROCEDURES AND THE TRIAL**

This order confirms and adds to rulings announced on the record of the hearing on August 20, 2026. The basis for the summary-judgment ruling was set out at some length on the record. The parties agreed to deem the second amended complaint further amended to include parallel references to the Florida Disposition of Abandoned Personal Property Act, the version of Florida Statutes chapter 717 now in effect. No ruling was made on the extent to which abrogated provisions of the Florida Disposition of Unclaimed Property Act—the prior version of chapter 717—have any continuing effect or are relevant to this action.

IT IS ORDERED:

1. The second amended complaint, ECF No. 51, is deemed further amended to address the current version of the Florida Disposition of Abandoned Personal Property Act, Florida Statutes ch. 717.

2. The plaintiffs' motion for partial summary judgment, ECF No. 89, and the defendants' motion for summary judgment, ECF No. 90, are denied.

3. The deadline for the defendants to respond to the pending motion to certify a class, ECF No. 80, is September 3, 2026. The plaintiffs may file a reply memorandum in support of the motion by September 17, 2026.

4. The trial is set for November 16, 2026, but may be rescheduled if a party files a notice showing that a previously retained expert is unavailable for trial at that time. The deadline to file any such notice is August 31, 2026.

5. The deadline is October 14, 2026 for an attorney conference to address pretrial matters, stipulate to as many facts and agree on as many issues as possible, and prepare the pretrial stipulation. The plaintiffs' attorneys must initiate arrangements for the conference, but all attorneys are responsible for ensuring that the conference occurs and the requirements are met.

6. At or before the attorney conference, each party must make the disclosures required by Federal Rule of Civil Procedure 26(a)(3). As required by the rule, each party must separately identify witnesses and exhibits the party

expects to offer and those the party may offer if the need arises, and each party must designate deposition testimony the party expects to offer. The deadline for objections under Rule 26(a)(3) is seven days later.

7. At or before the attorney conference, each party must provide an attorney for each other party an exact copy of every exhibit that will or may be offered in evidence, marked with a readily identifiable exhibit number. It is not sufficient that a document has been produced during discovery or is on an exhibit list; each exhibit must be provided with a readily identifiable exhibit number.

8. The parties must file a pretrial stipulation by October 26, 2026. The pretrial stipulation must include:

(a) The basis of federal jurisdiction;

(b) A brief general statement of each party's case;

(c) Each party's witness list, separately identifying those the party expects to call and those the party may call if the need arises, and identifying those who will give expert testimony;

(d) Each party's exhibit list, which must (i) separately identify exhibits the party expects to offer and those the party may offer if the need arises, (ii) include illustrative aids the party expects to present or may present under Federal Rule of Evidence 107, and (iii) note all objections to exhibits or illustrative aids;

Page 4 of 5

(e) All stipulations of fact and agreements on issues;

(f) A concise statement of those factual issues that remain to be litigated;

(g) A concise statement of legal issues that remain for determination by the court;

(h) A concise statement of any disagreement on admissibility of evidence or application of the Federal Rule of Civil Procedure or Evidence;

(i) A list of all motions that remain pending.

(j) A statement of whether this is a jury or nonjury case and each side's estimate of the length of trial.

9. Witness and exhibit lists must include rebuttal witnesses and exhibits as well as those that may be offered in a party's case in chief. A witness or exhibit not timely and properly listed will be excluded unless (a) the late discovery or disclosure of the witness or exhibit did not result from lack of diligence, (b) the full substance and import of the evidence is disclosed to all other parties immediately upon discovery of the omission, and (c) the court determines that justice requires admission of the evidence. Evidence not timely and properly disclosed is almost always excluded. Objections to exhibits are waived unless noted in the pretrial stipulation.

10. Each party must file a trial brief by October 26, 2026.

11. By a separate notice, the clerk must set a pretrial conference for the first available date on or after October 29, 2026. Each party's lead attorney and each other attorney who will have a significant role in conducting the trial must attend. A ruling may be entered or a hearing may be conducted on any motion that remains pending at the time of the conference.

12. Any motion in limine or other pretrial motion for which there is not an earlier deadline must be served sufficiently in advance of the pretrial conference to allow consideration of the motion at or prior to the pretrial conference.

SO ORDERED on August 24, 2026.

s/Robert L. Hinkle
United States District Judge